THE STATE OF KANSAS v. CHARLES BLUNK.
No. 422.

1. INSTRUCTIONS — *Bill of Exceptions.* Instructions given by the trial court in a criminal case only become a part of the record by being incorporated in the bill of exceptions, and when not so incorporated this court is not at liberty to consider them.

2. EVIDENCE, *Sufficient.* The testimony in this case examined, and *held* sufficient to sustain the verdict.

MEMORANDUM.— Appeal from Wyandotte court of common pleas ; W. G. HOLT, judge. Prosecution for unlawful sales of intoxicating liquors. Defendant, Charles Blunk, was convicted on one count. He brings the case to this court. Affirmed. The opinion herein, filed December 3, 1896, states the material facts.

*F. E. & J. A. Smith,* for appellant.

*F. B. Dawes,* attorney general, for The State.

The opinion of the court was delivered by

GILKESON, P. J. : The information in this case charged the defendant in three counts with the unlawful sale of intoxicating liquors and is verified by C. C. Hedrick. It is admitted by the defendant that the second count charged the sale of intoxicating liquors to one August Leutzow on July 20, 1895, and this is also the theory upon which the court tried the case. The jury rendered a verdict of guilty, as follows : "We, the, jury find the defendant, Charles Blunk, guilty upon the second count of the information, and we find him not guilty as to the first and third counts of the information." He was thereupon sentenced by the court to be imprisoned in the county jail for the period of 30 days and pay a fine of $100 and the costs of

this prosecution. From this he appeals and brings the case here for review, alleging as error, that the verdict is not supported by the evidence, or by any evidence, and that, as this information was verified by C. C. Hedrick, a private citizen and not the county attorney, the defendant could not be convicted of any offense except such as the prosecuting witness had notice or knowledge of. It is also contended that at the trial the state elected to rely for a conviction under the second count of the information and upon the sale to August Leutzow on July 20, 1895.

We have examined the record in this case very closely and fail to find where the state elected upon any one count of the information, or was required so to do. The only reference to any election which we find at all is on page 5, where there is a statement of something that appears like instructions, as follows :

"7. The state elects to rely for a conviction on the the various counts of this information, as follows : On the first count, for maintaining an unlawful common nuisance ; on the second count, upon the sale of beer to August Leutzow on July 20, 1895 ; on the third count, the sale of beer to G. L. Cook on the —— day of June, 1895."

This, if we could consider it at all, clearly contradicts the statement of appellant's brief, but it is not included in the bill of exceptions, and as in that way only can instructions become a part of the record, we are not at liberty to consider it. (*The State v. Smith,* 38 Kan. 194.)

As to the sufficiency of the testimony and the knowledge of the prosecuting witness, we have carefully and closely examined the record, and the contention of the defendant cannot be sustained. We think there is ample testimony in this case to sustain the verdict of the jury as to the guilt of the defendant

under the count upon which he was convicted, and undoubted testimony not only as to notice, but also as to knowledge of the prosecuting witness as to this sale; and these questions, having been passed upon by the jury, whose verdict had the approval of the trial court, are no longer open for consideration.

The judgment in this case will therefore be affirmed.

All the Judges concurring.